**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-5298**

———————

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

   v.

MICHAEL PAUL FLUHARTY,

  Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.  Malcolm J. Howard,
Senior District Judge.  (7:10-cr-00072-H-3)

———————

Submitted:  July 28, 2011          Decided:  August 1, 2011

———————

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

———————

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

———————

J. Rafael Rodriguez, LAW OFFICES OF J. RAFAEL RODRIGUEZ, Miami,
Florida, for Appellant.   Jennifer P. May-Parker, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Paul Fluharty pled guilty, pursuant to a written plea agreement, to conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349 (2006), and he was sentenced to six months' imprisonment. Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but questions whether the magistrate judge complied with the requirements of Fed. R. Crim. P. 11 and whether the sentence is reasonable.* Fluharty was notified of his right to file a pro se supplemental brief, but he has not done so. The Government moves to dismiss the appeal, asserting Fluharty waived his right to appeal the sentence in the plea agreement.

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Fluharty knowingly and voluntarily waived his right to appeal his sentence. Further, because counsel did not raise any sentencing issues outside the scope of the waiver, and we discern none, the terms of the agreement will be enforced. Accordingly, we grant the Government's motion to dismiss as to Fluharty's sentence. However, because the appeal waiver pertains only to Fluharty's

---

* The Rule 11 hearing was conducted by a magistrate judge with Fluharty's written consent. See 28 U.S.C.A. § 636 (West 2006 & Supp. 2011).

2

sentence, we have reviewed the Rule 11 hearing and conclude that the magistrate judge committed no reversible error. We have reviewed Fluharty's conviction pursuant to our obligation under Anders. As we have found no meritorious issues for appeal, we affirm Fluharty's conviction.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

DISMISSED IN PART,
AFFIRMED IN PART